## NATHAN BROWN *versus* JACOB GALE.

Where a husband and wife are seized in her right of a remainder in fee in lands, the husband has an interest in the land, upon which an execution, against him alone, may be extended.

THIS was a writ of entry brought to recover a tract of land in Seabrook.

The cause was tried here, upon the general issue, at August term, 1830, when it appeared in evidence, that on the 8th September, 1820, one Collamore being seized of the premises as tenant for his own life, the remainder in fee being in Ezekiel Morrill, and Susannah his wife,

in her right, the said Ezekiel and wife, by deed, conveyed to the demandant all their interest in the land. When this conveyance was made, the said Ezekiel was in debt, and the conveyance was made in order to secure to the sole use of the wife the proceeds of the sale, and to prevent the creditors of Morrill from attaching the land, when the remainder should come into the possession of Morrill and wife. The demandant paid to the wife the full value of the remainder at the time of the conveyance to him, but he was acquainted with the views of Morrill and wife in making the conveyance.

The tenant having obtained a judgment against the said Ezekiel Morrill for a debt contracted before the 8th September, 1820, on the 27th August, 1828, caused his execution to be extended upon the demanded premises. When this extent was made, Collamore was in full life but has since deceased.

A verdict was taken by consent for the tenant, subject to the opinion of the court upon the foregoing case.

*Tilton* and *Mason*, for the demandant.

*Sullivan*, for the tenant.

RICHARDSON, C. J. delivered the opinion of the court.

It is understood to be conceded in this case, that if during the continuance of Collamore's life estate, Ezekiel Morrill had any interest in the land, which was subject to an extent, the conveyance by Morrill and wife to the demandant, must be considered, with respect to that interest, as intended to defraud creditors, and, as against them, void. But it is contended, that while the life estate continued, Morrill had no interest in the land, which a creditor could take.

The ground taken by the demandant's counsel is understood to be, that when a husband and wife are seized of a remainder in fee, in right of the wife, the husband has, during the continuance of the particular estate, no interest in the land, but a mere naked possibility, or expectation.

It was settled in early times, that a bare possibility or expectation, could not be granted, but that a possibility coupled with some present interest was grantable. Shep. Touch. 239 ; 10 Coke, 51 ; Com. Dig. "Assignment," c, 3.

The same rule has been adopted and applied in modern times. 3 D. & E. 88, *Jones* v. *Roe* ; 2 M. & S. 165, *Doe* v. *Tomkinson* ; 1 H. Bl. 30, *Roe* v. *Jones*.

Thus it is settled, that the hope or expectation of a child, to inherit the estate of a parent, is a naked possibility, without any interest, and cannot be the subject of transfer in any shape. So where there is a devise to two with a remainder to the survivor, it is held that during their joint lives each has, in the remainder, a naked possibility, and no present interest, because the person who is to take the remainder, is not ascertained. 2 M. & S. 165. These instances afford a sufficient illustration of the first part of the rule.

The other part of the rule cannot be better illustrated than by the case of an executory devise. Thus, if the devise be to A, and if A die before he arrives at the age of twenty-one years, then to B and his heirs, it was long doubted whether such an executory devise was not a naked possibility, but it was at length settled that it was a possibility coupled with an interest. 3 D. & E. 94. And it seems now to be generally understood that in all cases of contingent springing and executory uses, where the person who is to take is ascertained, he has an interest which may be transferred. 3 D. & E. 96.

When a husband and wife are seized of a remainder in fee in her right, what is the estate of the husband ? Is it a naked possibility, or is it a possibility coupled with an interest ? On this question it seems to us, that there can be no doubt. He is seized of the remainder in her right, and this seizin has no resemblance of any instance of a naked possibility which is to be found in any book, but is a present vested interest as much as a seizin of a

remainder in his own right. In this respect we are unable even to imagine any distinction between the two cases. Nor do we find, that any doubt has ever been entertained, that a husband, seized in right of his wife, of a remainder, had a present interest.

There may be a distinction to be made between a case, where the wife's remainder cannot, by any possibility, come into the possession of the husband, and a case where it may come to his possession. Thus, if an estate be given to A, during the life of B, remainder to the wife of B, in such a case B seems to have nothing in the land, in right, of his wife, which he can grant ; because the land cannot come to his possession. But if, by any possibility, the remainder may come into the possession of the husband, in right of the wife, at any time, he then has a possibility coupled with an interest, which he may transfer to another.

This distinction is recognised by Lord Holt, with respect to the chattel interests of a wife, in *Gage* v. *Acton*, 1 Salkeld, 325 ; Com. Dig. " Baron & Feme," K ; Com. Rep. 67.

In this case, when the tenant's extent was made, the wife had a remainder which certainly might come to the possession of the husband, and we are of opinion that the husband had an interest which passed by the extent, and that the tenant is entitled to hold the land during the life of Collamore and wife.

*Judgment on the verdict.*